# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 29, 2025

```
* * * * * * * * * * * * * * * * * *
NORMA MONGE-LANDRY,              *
                                *          No. 14-853V
            Petitioner,         *
v.                              *          Special Master Gowen
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
            Respondent.         *
* * * * * * * * * * * * * * * * * *
```

*Elaine W. Sharp*, Whitfield, Sharp & Sharp, LLC, Marblehead, MA, for petitioner.
*Camille C. Collett*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 20, 204, Norma Monge-Landry ("petitioner"), filed a motion for a third interim award of attorneys' fees and costs. Petitioner's Notice of Filing Interim Fee (ECF No. 225). For the reasons discussed below, I hereby **GRANT** the petitioner's request and find that an award of $137,774.03 is reasonable for interim attorneys' fees and costs.

## I.      Procedural History

Petitioner received a seasonal influenza ("flu") vaccination on September 19, 2011. On May 19, 2014, petitioner, through her current counsel of record, filed a timely petition under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). I have previously granted two interim attorneys' fees and costs motions. Those decision summarized the prior

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

procedural history including the entitlement hearing proceedings in Boston, MA on February 11-12, 2019 and the continuation of the hearing in San Francisco, CA on May 21-22, 2019. *See Monge-Landry v. Sec'y of Health & Human Servs.*, No. 14-853v, 2019 WL 1771988 (Fed. Cl. Spec. Mstr. March 26, 2019); *Monge-Landry v. Sec'y of Health & Hum. Servs.,* No. 14-853V, 2020 WL 4219821 (Fed. CL. Spec. Mstr. June 30, 2020).

Since the hearing, petitioner filed a supplemental expert report from her expert, Dr. Utz and all post-hearing briefing, albeit with multiple extensions of time. *See* Petitioner's Exhibit ("Pet'r Ex.") 69 (ECF No. 200); Pet'r Post-Hearing Brief (ECF NO. 209). Respondent also filed his post-hearing brief. Respondent ("Resp't") Post-Hearing Br. (ECF No. 212). Petitioner filed her reply to respondent's brief on January 17, 2023. Pet'r Reply Br. (ECF No. 219). On November 16, 2023, after petitioner's expert attempted to seek reimbursement for his final report that was filed in 2021, I held a status conference and requested that petitioner file a motion for interim attorneys' fees and costs which incorporated Dr. Utz's invoice. Scheduling Order (ECF No. 224). Approximately 10 months later, petitioner filed this interim fees motion, requesting a total of $116,469.50 in attorneys' fees and $27,228.00 in costs for petitioner's experts. *See* Pet'r Notice of Filing Interim Fee Petition ("Pet'r Int. Fee Mot.") (ECF No. 225). Respondent filed a response on October 18, 2024 stating, "Should the Special Master conclude that a [third] award of interim fees and costs is appropriate, respondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Resp't Response at 3. Petitioner did not file a reply to respondent's response.

This matter is now ripe for adjudication.

## II.     Entitlement to Attorneys' Fees and Costs

### A. General Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B. Interim Awards

Section 15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs. In addition, the Vaccine Act permits interim attorneys' fees and costs. *See Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was

brought in good faith and there was a reasonable basis for the claim." § 15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013). I find that this claim was brought in good faith and with a reasonable basis.

In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

Petitioner has already received two interim award of attorneys' fees and costs. Petitioner has filed this third application for an award of attorneys' fees and costs approximately four years after an award of the last interim attorneys' fee award, which requests well more than $30,000 in attorneys' fees and more than $15,000 in costs (most significantly expert fees). The attorneys' fees appear to be in association with brief drafting and requesting motions for extensions of time and costs for petitioner's experts. As one of petitioner's experts, Dr. Utz sought to get his final invoice paid prior to petitioner's attorney filing this third interim fee request, I do not want to delay any payment of his costs, even though they may be more suitable for a final attorneys' fees request. Accordingly, I find it appropriate to award interim attorney's fees and costs.

## III.     Reasonable Attorneys' Fees and Costs

### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required.

*Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

## B. Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2020-2024 can be accessed online.[3]

This case involved four days of hearings and a complex record. The post hearing work in part reflected an assignment I gave to the parties to attempt to have the experts narrow the issues and to agree on at least some elements of the conflicting expert testimony. As such the post hearing work involved more than the usual amount of time that is expended in this phase of the case.

In this case, petitioner requests hourly rates of $445.00 for her attorney of record, Ms. Elaine Sharp; $470.00 for work performed in 2021; $495.00 for work performed in 2022; $520.00 for work performed in 2023; and $545.00 for work performed in 2024. Pet. Int. Fee Mot. Ex. 70. Ms. Sharp's hourly rates requested for 2021-2022 is consistent with what she has been awarded by other special masters and I find those rates to be reasonable. *See Kite v. Sec'y of Health & Hum. Servs.*, No. 18-1663V, 2023 WL 3563127 (Fed. Cl. Spec. Mstr. May 19, 2023). Ms. Sharp's requested hourly rates for 2023 and 2024 falls within the Vaccine Program's published hourly range for attorneys with her level of experience and shall be awarded without any adjustments.

## C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

The present fee application does include an invoice and a majority of the tasks are described in sufficient detail to be reviewed and appear reasonable. However, some of the entries appear to be excessive. Counsel should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. at 434. I have noticed certain entries, such as reviewing non-pdf orders are billed at 0.2 hours and then set a deadline on her own calendar, which are excessive, given the number of total extensions that petitioner herself requested. For example, on September 8, 2020, April 22, 2021, March 22, 2021, May 9, 2022, August 24, 2022, September 23, 2022, October 28, 2022, November 10, 2022, November 22, 2022, November 29, 2022, petitioner's attorney charged 0.2 hours for reviewing Non-Pdf orders from the Court granting extensions of time. *See* Pet'r Int. Fee at 11-28. Special Masters, including myself, have reduced excessive billing for reviewing non-pdf orders entered by the Court or for other simple and uncomplicated tasks. *See Mohler v. Sec'y of Health & Hum. Servs.,* No. 16-140V, 2018 WL 3989515, at *3 (Fed. Cl. Spec. Mstr. July 2, 2018); *Moritz v. Sec'y of Health & Hum. Servs.,* No. 15-965V, 2016 WL 8786193, at *4 (Fed. Cl. Spec. Mstr. Dec. 12, 2016) (reducing hours billed for non-substantive orders that should not have taken more than a couple minutes in total to review). **For these reasons, I find it appropriate to deduct 5%, or $5,923.47, from petitioner's interim fee request.**

### D. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira*, 27 Fed. Cl. 29, 34. Here, petitioner requests $27,228.00 in costs, which are associated with the final bill from Dr. Utz and for work performed by Dr. David Axelrod. *See* Pet'r Exs. 71 and 72.

Dr. Utz is requesting $7,300.00 for his final bill, at an hourly rate of $500.00 per hour. I have previously found that Dr. Utz's hourly rate to be reasonable in the two previous interim fees decisions. *See Monge-Landry,* 2019 WL 1771922; *Monge-Landry,* 2020 WL4219821, at *5-6. Dr. Utz billed an additional 14.6 hours for his work, which included a supplemental expert report and assistance with reviewing the record to assist Ms. Sharp in drafting the post-hearing brief. Based on Dr. Utz's detailed invoices and his supplemental expert report, I find the total amount he billed to be reasonable and will be paid in full.

Petitioner also filed an invoice from Dr. David Axelrod, seeking $19,928.00 at $400.00 per hour. Pet'r Ex. 72. While Dr. Axelrod did not submit an expert report in this matter or testify for petitioner, it appears that he worked closely with petitioner's counsel in drafting her post-hearing briefs and reviewed respondent's post-hearing expert reports. Dr. Axelrod's rate of $400.00 per hour has been found reasonable by myself, and other special masters in the program and therefore, does not need to be adjusted. Further, his invoice provides sufficient details regarding the time spent on each task. Accordingly, I find the total amount he billed to be reasonable and will be paid in full.

### IV. Conclusion

In accordance with the foregoing, petitioners' third application for interim attorneys' fees and costs is **GRANTED.** I find that she is entitled to the following reasonable attorneys' fees and costs at this time:

| | |
|---|---|
| Interim Attorneys' Fees Requested: | $116,469.50 |
| (Reduction for Excessive Billing) | (-$5,923.47) |
| **Interim Attorneys' Fees Awarded:** | **$110,546.03** |
| Interim Attorneys' Costs Requested: | $27,228.00 |
| (No Reduction) | ($0.00) |
| **Interim Attorneys' Costs Awarded:** | **$27,228.00** |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$137,774.03** |

Accordingly, I award the following:

A) **A lump sum in the amount of $137,774.03, representing reimbursement for interim attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).